Battle, J.
The bond executed by (be defendants had a condition by which it was to be discharged, if the defendant, Melton, should appear at the next Superior Court of Law, to be held for the county of Buncombe on the first Monday after the fourth Monday of March, A. D. 1853, and not depart the Court without leave. The Act of 1852, ch. 44, sec. 2, changed the time of holding said Court to the second Monday after the fourth Monday of March, 1853 ; but contained no provision directing recognizances to be returned, and the parties to appear, at that time. The defendant Melton, however, did appear at the term then held, and was tried and convicted upon an indictment for petit larceny, but departed the Court without leave ; and upon being called to receive judgment, failed to anstyer. Was his bond forfeited by such failure? We think not, and that his Honor, therefore, properly refused to permit the Solicitor for the State to have a judgment entered against him and his sureties, as for a forfeiture of his bond. The case of Winslow v. Anderson, 3 Dev. & Bat. Rep. 12, is a direct authority to show that an obligation entered into by a party, stipulating for his appearance at the term of a Court to be held on one week, is not broken by a failure to appear at a term held on a different week, though the wrong time was inserted by mistake. The obligors, when called at a time-when they had not stipulated to appear, might well say, non veniimis in hocfcedus. Whether the case would have been different, had the Act of 1852 above referred to, contained a clause making all recognizances returnable to the term as changed, and requiring the parties to appear at such term, it is unnecessary for us to decide. As it is, there is no error in the order from which the appeal w(is taken, and it must be affirmed. (?) The case of tire State against Jesse Melton et al,, is similar in all respects to the above, and the order therein appealed must also be affirmed.
PeR Curiam. Judgment accordingly.